IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-575-BO
&
No. 5:16-CV-209-BO

| | |
|---|---|
| CELESTE G. BROUGHTON, ) | |
| ) | |
| Appellant, ) | |
| v. ) | O R D E R |
| ) | |
| WALTER L. HISNON, Trustee, *et al.*, ) | |
| ) | |
| Appellees. ) | |

This matter is before the Court on several identical motions filed by appellant following entry of judgment cases No. 5:15-CV-575-BO and No. 5:16-CV-209-BO. Appellant seeks a one day extension of time to file a motion, negation of the untruthful order entered November 18, 2016, and a new hearing pursuant to Rule 59 of the Federal Rules of Civil Procedure or Bankruptcy Rule 8022. Appellees have filed limited responses and the matters are ripe for ruling.

## BACKGROUND

Appellant is the debtor in the underlying Chapter 7 proceeding, the reference of which was withdrawn by order of this Court on May 20, 2016. *See* No. 5:15-CV-302-BO. These cases represented appeals from orders of the bankruptcy court which appellant had filed prior to the withdrawal of the reference. By orders entered October 4, 2016, and November 18, 2016, the Court dismissed the appeal in No. 5:16-CV-209-BO as having been mooted by the withdrawal of the reference and affirmed the orders of the bankruptcy court on appeal in No. 5:15-CV-575-BO. In the instant substantive motions, appellant requests that the Court recognize the factual and

legal errors made in its November 18, 2016, order affirming the decisions of the bankruptcy court and that it strike such order.

## DISCUSSION

Rule 8022 of the Federal Rules of Bankruptcy Procedure permits the bankruptcy appellate panel or the district court to, upon a sufficient showing by the moving party, make a final disposition of the appeal without reargument, restore the case to the calendar for reargument or resubmission, or issue any other appropriate order. Rule 8022 "provides the sole mechanism for filing a motion for rehearing in a federal district court." *Matter of Eichelberger*, 943 F.2d 536, 538 (5th Cir. 1991); *see also In re Bli Farms, partnership*, 465 F.3d 654, 658 (6th Cir. 2006) (noting that Rule 59 was not applicable to district court sitting as bankruptcy appellate court). The rule requires the movant to "state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and [] argue in support of the motion." Fed. R. Bank. P. 8022(a)(2). "Petitions for rehearing function to ensure that the court properly considered all relevant information in reaching its decision; they should not be used to 'simply reargue the plaintiff's case or assert new grounds.'" *Maines v. Wilmington Sav. Fund Soc'y*, No. 3:15CV00056, 2016 WL 6462141, at *1 (W.D. Va. Oct. 31, 2016) (citation omitted).

At the outset, the Court denies appellant's motion for extension of time as moot as her motion was filed within the fourteen-day period provided by Rule 8022 in case No. 5:15-CV-575-BO. Appellant's substantive motions requesting rehearing or review of the Court's orders are in essence reassertions of arguments she has made previously and which have already been considered by the Court. Further, appellant requests that this Court order the investigation of appellees for federal crimes, which is relief the Court is unable to grant in this posture.

2

Appellant having demonstrated no basis for reconsideration of this Court's order affirming the orders of the bankruptcy court, the motions for negation of the untruthful order and motion for new hearing are properly denied.

## CONCLUSION

Appellant's motion for one day extension of time is DENIED AS MOOT. Appellant's motion for negation of untruthful order and motion for new hearing are DENIED. Although appellant's substantive motions do not appear to challenge the order and judgment entered in case No. 5:16-CV-209-BO,[1] the clerk is DIRECTED to file this order in cases No. 5:15-CV-575-BO and No. 5:16-CV-209-BO as appellant has captioned the instant motions with both case numbers.

SO ORDERED, this 24 day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, any motion filed under Rule 8022 in case No. 5:16-CV-209-BO would be untimely as appellant sought a one day extension well-after the fourteen day period had expired in that case.

3